(Not for publication)                                                        (Docket No. 24, 28)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| PATRICIA HILL, | : |
| Plaintiff, | : |
|  | : Civil No. 05-2092 (RBK) |
| v. | : |
|  | : **OPINION** |
| U.S. GENERAL SERVICES ADMINISTRATION | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendant U.S. General Services Administration ("Defendant" or "GSA") to dismiss the complaint of Plaintiff Patricia Hill ("Plaintiff" or "Hill") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or for summary judgment on some claims pursuant to Federal Rule of Civil Procedure 56. Plaintiff's Complaint makes claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. ("Title VII"), New Jersey tort law, and the New Jersey Law Against Discrimination ("LAD"). Also, this Court presently will consider Plaintiff's cross motion to amend her Complaint.

I.     BACKGROUND

Hill filed a Complaint in this Court on April 20, 2005 alleging that the Defendant denied her equal employment opportunity because of her sex, race, and national origin. Plaintiff's

allegations arise from a series of employment actions, including a failure to promote Hill based on her sex and national origin as well as incidences of sexual harassment.

Hill, who identifies herself as non-Hispanic, has been employed by GSA for more than 20 years. She has held a variety of positions, including most recently that of General Supply Specialist at the Burlington, N.J. facility, a GS-9 grade position. Hill has experience fielding customer complaint calls and managing store inventory and customer accounts. Hill has also assisted in the openings of GSA stores in the U.S. and abroad. Angel Melendez was Hill's supervisor for at least nine years. Melendez is Hispanic, and a native of Puerto Rico. Miguel Luzunaris has been employed by GSA for approximately 10 years. Until his promotion to Lead Supply Specialist, he was a General Supply Specialist at the Burlington, N.J. facility, a GS-9 grade position. Luzunaris also has supervisory experience and has experience managing a store for the Army in Germany. Luzunaris is Hispanic, and a native of Puerto Rico

The Plaintiff's version of the work environment upon Luzunaris' hiring, is that Melendez treated Luzunaris and other Hispanic employees differently than he treated non-Hispanic employees, including Hill. In particular, Hill describes that Melendez mentored and became friendly with Luzunaris. Further, Hill asserts that Melendez and Luzunair regularly spoke Spanish to one another at work, effectively excluding Hill and other non-Spanish speaking employees from their conversations.

Hill claims that in or about Juanuary 2004, Luzunaris began subjecting Hill to repeated sexual harassment, including making requests for oral sex and making crude remarks of a sexual nature. In addition, Hill claims that in late February 2004, Luzunaris "threw [Hill] to the ground and pretended to rape her, saying 'you probably like it rough.'" (Hill Aff. A at 5.) Hill

responded by screaming and demanding the Luzunaris get off of her. Hill reported the harassment to her superiors, but she asserts that nothing was done to reprimand Luzunaris, and Luzunaris continued to sexually harass Hill and other female employees. Hill describes the incidences of verbal sexual harassment continuing until November 2004. (Hill Dep. at 31.)

In or about late March 2004, Hill and Luzunaris both applied for the a promotion to Lead Supply Specialist, a GS-11 grade position, at the encouragement of Melendez. A promotion panel, consisting of three GSA employees - Teresa Kirk-Junod, Joseph Bojanowski, and Angel Melendez - was assembled to review three applications for the position. Hill, Luzunaris, and another male applicant were considered for the promotion. The panel members selected Luzunaris for the position.

On August 26, 2004, Hill sent an e-mail message to Kelly Ann Williams, the Equal Employment Office ("EEO") Officer for GSA Region 3, who was on leave and forwarded Hill's message to Oria Todd, the acting EEO Officer. Hill also spoke with Williams and Todd on the telephone. The parties dispute whether or not Hill's conversations with anyone from the EEO included any discussion of Hill's alleged sexual harassment. Plaintiff's version is that in the course of communications with GSA and EEO employees, as well as later communications with a private investigative company hired by the EEO, Hill was discouraged her from pursuing a sexual harassment claim. Williams' and Todd's notes of their calls with Hill only describe Hill's claims regarding her non-promotion, and do not mention any workplace sexual harassment. The parties do not dispute that Hill's first contact with an EEO official was, at the earliest, August 26, 2004.

On September 24, 2004, Hill informed Williams by e-mail message that she had decided

to pursue a claim of discrimination based on gender, national origin, and age based on her failure to be promoted to the Lead General Supply Specialist position and because her supervisor discriminated in the workplace against non-Hispanic employees. On December 9, 2004, Hill filed a complaint with the EEO. Although her complaint was initially dismissed for failure to timely file, the EEO again investigated Hill's claims in 2006. In 2004, nor in 2006, the issue of sexual harassment was neither formally filed as part of Hill's complaint to the EEO nor investigated by the EEO.

## II.   STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

Summary judgment is proper where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In conducting our review, we view the record in the light most favorable to the non-moving party and draw all

reasonable inferences in that party's favor. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## II.     DISCUSSION

### A.     Failure To Name A Proper Party Defendant

The parties agree that Plaintiff has failed to name a proper party defendant in her Complaint, so this Court enters its judgment with the consent of the parties. The Defendant moved to dismiss Plaintiff's Complaint because it alleged that Plaintiff failed to name the head of the U.S. General Services Administration as the defendant, pursuant to 42 U.S.C. § 2000e-16(c). Plaintiff's responsive filing incorporated a cross motion to amend her Complaint to change the name of the defendant to the head of the agency. Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading before trial with the opposing party's written consent or

with the court's leave. In this case, the Defendant states in its reply brief that it, "has no objection to plaintiff's motion to amend the complaint to name the proper party defendant." (Def.'s Reply Br. at 9.) Accordingly, this Court will deny Defendant's motion to dismiss the Complaint, and grant Plaintiff's cross motion to amend.

      B.      **Sexual Harassment Claim**

Plaintiff did not exhaust her administrative remedies with regard to the sexual harassment claim she raises in her Complaint. Although the Defendant moves to dismiss count one of Plaintiff's complaint due to her failure to exhaust administrative remedies, because both parties go beyond the face of the pleadings to establish their positions as to whether administrative remedies were exhausted, this Court will consider the issue consistent with Rule 56 for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is generally treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). However, once the Plaintiff goes "beyond the face of the pleadings" to establish whether the administrative remedies have been exhausted and whether any equitable exceptions to exhaustion deadlines apply, the Third Circuit treats the issue "in a manner consistent with Rule 56 for summary judgment." Id. Thus this Court will treat this as a motion for summary judgment.

In a Title VII case, the plaintiff must exhaust available administrative remedies before filing suit in federal court. Robinson, 107 F.3d at 1020. Timely exhaustion of remedies "requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times." Id. at 1021. Under current EEO regulations, a plaintiff must initiate contact with an EEO counselor within 45 days of the alleged discriminatory conduct. See 29 C.F.R. §

1614.105. The 45-day period should be extended only where the aggrieved person demonstrates that he or she was not aware of the time limitations or was prevented from timely contact despite due diligence. 29 C.F.R. § 1614.105(a)(2); see Johnson v. Gober, 83 Fed. Appx. 455, 460-61 (3d Cir. 2003) (affirming summary judgment for defendant employer where plaintiff failed to make contact with an EEO counselor within 45 days of the alleged discriminatory conduct and could not show any basis to excuse his untimeliness).

The Defendant argues that Hill has impermissibly failed to exhaust her administrative remedies with respect to her claim of sexual harassment. Neither Hill's Complaint nor her responsive filing on the instant motion make it entirely clear whether she is asserting that she did follow the requirements for seeking timely counseling with respect to her sexual harassment claims. The parties agree that Hill's contact with the EEO on any of these matters did not arise until at least August 26, 2004, well after she would have had to initiate contact with an EEO counselor under 29 C.F.R. § 1614.105 if she were reporting the February 2004 incident of sexual harassment. Because Hill's deposition, attached to her brief, includes Hill's position that she was subjected to sexual comments up and until November 2004, we will consider whether she adhered to the exhaustion deadlines as of that date. Hill claims that she sought counseling with respect to the sexual comments earlier in the fall of 2004, however, her EEO complaint never included allegations of sexual harassment. Thus, Hill did not exhaust her administrative remedies with respect to any of her sexual harassment claims.

Hill claims that GSA and EEO supervisors and officers discouraged her from filing an EEO complaint with respect to her sexual harassment claims. She raises the issue that the time limitations for exhaustion deadlines in Title VII cases are not jurisdictional in nature, but rather

are similar to statutes of limitations and subject to equitable modifications, such as waiver, estoppel, tolling, and the continuing violations theory. See 29 C.F.R. § 1614.604(c) ("The time limits in this part are subject to waiver, estoppel and equitable tolling."); West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); Rodriguez v. U.S. Postal Serv., No. 04-916, 2005 WL 486610, at *4 n.8 (E.D. Pa. Mar. 1, 2005).  The Plaintiff argues that the Defendant is equitably estopped from claiming that Hill did not exhaust her administrative remedies.  Equitable estoppel excuses a plaintiff's late filing if such lateness was caused by the defendant's deception.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1389 (3d Cir. 1994).  Even if we were to accept the Plaintiff's assertion that GSA and EEO employees discouraged her from filing a sexual harassment claim in this Court, and disregard the EEO records offered by the Defendant which show that Hill did not seek counseling on the February 2004 incident in her August 2004 communications with the EEO and that she did not complain formally about her sexual harassment claims, Hill does not present evidence that her conversations with EEO and GSA employees were motivated by those employees' deception of Hill.  The circumstances here are similar to the Robinson case, where the Third Circuit held that a phone conversation with an EEO employee did not meet the similar standard for an equitable tolling modification of the exhaustion deadlines.  Robinson, 107 F.3d at 1023.  Likewise, the equitable estoppel modification of the exhaustion deadlines is not applicable in this case.

In addition to the equitable exceptions to certain exhaustion deadlines, the Third Circuit recognizes a slightly different kind of modification to the exhaustion requirement. See Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).  This modification of the exhaustion requirements

provides that allegations of discriminatory conduct that were not specifically alleged in the administrative proceedings may be properly asserted in the district court only if those allegations "can reasonably be expected to grow out of the initial charge of discrimination." See Ostapowicz, 541 F.2d at 398-99.  In other words, the proper inquiry to determine whether a plaintiff "has satisfied the administrative prerequisites to bring suit in federal court is whether the acts complained of were fairly within the scope of the EEOC complaint and the ensuing investigation." Parsons v. Philadelphia Coordinating Office of Drug & Abuse Programs, 822 F. Supp. 1181, 1184 (E.D. Pa. 1993) (citing Waiters, 729 F.2d 233, 237 (3d Cir. 1984); Ostapowicz, 541 F.2d at 398-99).  The parties agree that Hill did not include her sexual harassment allegations in her EEO complaint, so this modification is similarly inapplicable to the current case.

      In sum, Plaintiff impermissibly failed to seek timely EEO counseling with respect to her sexual harassment claim related to the incident in February 2004.  Further, she failed to raise any allegations of sexual harassment in her EEO complaint.  Because the Court finds that there is no genuine issue of fact as to whether or not the Plaintiff exhausted her administrative remedies with regard to her sexual harassment claim, the Court will grant summary judgment for the Defendant as to Plaintiff's sexual harassment claim. See Word v. Potter, 149 Fed. Appx. 97, 100 (3d Cir. 2005) (finding plaintiff was barred from maintaining discrimination suit where plaintiff did not seek timely EEO counseling); O'Malley v. Potter, No. 05-986, 2005 WL 2340670, *3-4 (E.D. Pa. Sept. 19, 2005) (granting summary judgment against plaintiff because plaintiff did not seek timely EEO counseling); Weber v. Henderson, No. 99-2574, 2001 WL 91345, *4 (E.D. Pa. Jan. 31, 2001); McGinty v. Snow, No. 04-1821, 2005 WL 696890, *2 (E.D. Pa. Mar. 23, 2005).

    **C.**    **Discrimination Claims**

    1.  Motion to Dismiss

  Defendant moves to dismiss Plaintiff's claims for age discrimination and discrimination with regard to job promotion on the basis that those claims were not included in Plaintiff's Complaint. Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). Although a plaintiff need not include detailed factual allegations in his complaint in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must provide the grounds of his entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations omitted). The complaint must include enough factual allegations to "raise a right to relief above the speculative level." Id. at 1965. Additionally, Rule 8(e) requires that pleadings be "construed so as to do justice."

  Plaintiff's Complaint includes factual allegations as to her work environment, including allegations about the behavior of her supervisors and coworkers. Plaintiff concludes her recitation of the alleged facts with an assertion that the sexual harassment she alleges was "part of a general scheme to discriminate against her in the terms and conditions of her employment because she was a female and non-Hispanic." (Compl. at ¶ 13.) The Complaint thus meets the standard required to survive a motion to dismiss her sex and national origin discrimination claims related to job promotion. The Complaint does not, however, include any factual allegations about or claim of age discrimination. Based on this reading of the Complaint, the

Court will deny the Defendant's motion to dismiss Plaintiff's claims of discrimination with regard to job promotion because of her sex and national origin. However, the Court will grant the Defendant's motion to dismiss any claim by the Plaintiff of age discrimination, as such a claim was not properly raised in the Complaint.[1]

2. Motion for Summary Judgment

Defendant moved for summary judgment on Plaintiff's discrimination claims. Claims of unlawful discrimination under Title VII are analyzed under the burden-shifting paradigm established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In a failure to promote case, the first step of the McDonnell Douglas test "requires the employee to establish a prima facie case of discrimination, that is, [s]he must establish (1) that [s]he was a member of a protected class, (2) that [s]he was qualified for the job to which [s]he applied, and (3) that another individual, who was not a member of the protected class, was treated more favorably." Fuentes v. Borough of Watchung, No. 07-2812, 2008 WL 2839042, *2 (3d Cir., July 24, 2008) (citing Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 539 (3d Cir.2006)). If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its decision. McDonnell Douglas, 411 U.S. at 802; Abramson v. William Paterson College of N.J., 260 F.3d 265, 282 (3d Cir. 2001). Assuming the employer does so, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reasons are pretextual. Id.

Plaintiff's Complaint alleges discrimination related to job promotion based on her sex

---

[1] Plaintiff states in her opposition to Defendant's motion that she does not allege age discrimination. (Pl.'s Br. in Opp'n. at 25 n.9.)

11

and national origin in violation of Title VII,[2] and Plaintiff has proven the elements of her prima facie case. The parties do not dispute that the Plaintiff is a member of a protected class by virtue of her sex and national origin, as she is a female and non-Hispanic. Nor do the parties dispute that she was qualified enough for her employer to consider her for the promotion in question. Further, Luzunaris, who is Hispanic and male, and therefore outside the protected classes of which the Plaintiff was a member, was promoted instead of Plaintiff. The burden thus shifts to the Defendant, which has articulated a legitimate non-discriminatory reason for not promoting Hill. The Defendant contends that Luzunaris had more extensive and relevant experience than Hill and was more qualified for the promotion.

The burden-shifting framework then shifts back to the Plaintiff, who may avoid summary judgment by pointing to evidence that "(1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or (2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). In this case, Hill can point to evidence that she has significantly more years experience working for the Defendant and has been satisfactorily reviewed for her work. In addition, Hill asserts that Melendez treated Luzunaris and other Hispanic employees more favorably than non-Hispanic employees like Hill. Hill avers that Melendez spoke Spanish with Luzunaris at work, excluding Hill and other non-Hispanic

---

[2]Though it has appeared at various times that Plaintiff also seeks to state a claim for age discrimination, she states in her opposition to Defendant's motion that she does not allege age discrimination. (Pl.'s Br. in Opp'n. at 25 n.9.) In addition, this Court is granting Defendant's motion to dismiss Plaintiff's age discrimination claim, so it need not be considered under the summary judgment standard.

employees from discussions at work. Hill has pointed to evidence that casts enough doubt so that a "reasonable factfinder could rationally find [Defendant's reasons] unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." <u>Fuentes v. Perskie</u>, 32 F.3d at 765 (internal citations omitted). Because there is a genuine issue of fact as to whether Defendant's stated non-discriminatory reasons for not promoting Hill were legitimate or pretextual, this Court will deny Defendant's motion for summary judgment as to Plaintiff's claims of sex and national origin discrimination.

      **D.**      **Tort And New Jersey Law Against Discrimination Claims**

The Defendant moved to dismiss Plaintiff's Complaint because it alleged that this Court does not have jurisdiction over Plaintiff's state law claims. The Plaintiff has stated her intention not to pursue her tort claims raised in Counts II and IV of her Complaint, nor her claims in Count V under New Jersey's LAD, so this Court enters its judgment with the consent of the parties as to those claims. Accordingly, this Court will grant Defendant's motion to dismiss Plaintiff's tort law claims and her claims under New Jersey's LAD.

**III.**      **CONCLUSION**

For the reasons set forth above, (1) Defendant's motion to dismiss for failure to name a proper party defendant is DENIED; (2) Plaintiff's cross motion to amend is GRANTED; (3) judgment is entered on behalf of the Defendant and against the Plaintiff on all claims of sexual harassment; (4) Defendant's motion to dismiss Plaintiff's claims of sex and national origin discrimination with regard to job promotion is DENIED; (5) Defendant's motion to dismiss Plaintiff's claim of age discrimination is GRANTED; and (6) Defendant's motion for summary judgment on Plaintiff's discrimination claims is DENIED.

Dated: 9-17-08                                              /s/ Robert B. Kugler
                                                                                                          ROBERT B. KUGLER
                                                                                                          United States District Judge